# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Fernando Moreno, Adolfo Moreno, Sergio Salinas | ) ) ) | Case No. 20-cv-03545 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Best Firewood and Mulch, Inc. and Michelle M. Cicinelli | ) ) ) | Jury demanded |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Fernando Moreno, Adolfo Moreno and Sergio Salinas ("Plaintiffs"), through their attorneys, Lopez & Sanchez, LLP for their Complaint Best Firewood and Mulch, Inc. and Michelle M. Cicinelli (collectively "Defendants"), state as follows:

## INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL") for failure to pay overtime for all hours worked in excess of forty (40) hours in a workweek.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

3. At all relevant times herein, Plaintiffs Fernando Moreno, Adolfo Moreno and Sergio Salinas resided in and were domiciled within this judicial district.

4. At all relevant times herein, Plaintiffs were employed by Defendants as "employees" as defined by the FLSA and the IMWL within this judicial district.

5. At all relevant times herein, Plaintiffs were not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6. During the course of their employment of over ten years, Plaintiffs worked for Defendants as laborers and deliverymen in the State of Illinois.

7. Defendant Michelle M. Cicinelli was involved in the day to day business operations of Defendant Best Firewood and Mulch, Inc. Defendant Michelle M. Cicinelli had the authority to hire and fire persons employed by Best Firewood and Mulch, Inc., including Plaintiffs; the authority to direct and supervise the work of Defendant Best Firewood and Mulch, Inc.'s employees; the authority to sign on Defendant Best Firewood and Mulch, Inc.'s checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

8. Defendant Michelle M. Cicinelli was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3(c).

9. Defendant Best Firewood and Mulch, Inc., is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district in St. Charles, Illinois.

10. Defendant Best Firewood and Mulch, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

2

11. Defendant Best Firewood and Mulch, Inc.,had during the applicable statutory period two or more employees, including Plaintiffs, who handle goods that moved in interstate commerce.

12. At all relevant times herein, Defendant Best Firewood and Mulch, Inc. was Plaintiffs' "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3(c).

13. Plaintiffs worked for Defendants from April to December every year.

14. Plaintiffs worked approximately 55 hours per week, although there were times they worked more hours.

15. Plaintiff Fernando Moreno was paid $19.00 per hour, Plaintiff Adolfo Moreno was paid $17.00 per hour and Plaintiff Sergio Salinas was paid $16.00 per hour respectively.

16. Defendants failed to pay Plaintiffs overtime compensation for the time they worked over 40 hours a week. Defendants would pay Plaintiffs straight time for all overtime hours worked.

17. Plaintiffs have executed consent to sue letters, which are attached to this complaint as an exhibit.

18. Defendants' acted willfully in that they knew or showed reckless disregard for whether their actions were unlawful under the FLSA.

19. Defendants failed to inform themselves of the requirements of the FLSA or knowingly disregarded them.

20. Defendants lacked a good faith basis for failing to pay Plaintiffs overtime.

21. Defendants lacked reasonable grounds to believe they were complying with the FLSA.

## COUNT I
**Violation of the Fair Labor Standards Act - Overtime Wages**

22. Plaintiffs incorporate and re-allege paragraphs 1 through 21 of this Complaint as though fully set forth herein.

3

23. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiffs at a rate of one and one-half times Plaintiffs' regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

24. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

25. During the course of Plaintiffs' employment with Defendants, Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

26. During the statutory period Plaintiffs worked 55 or more hours per week.

27. Plaintiffs were not paid time and a half for the hours they worked overtime.

28. Pursuant to 29 U.S.C. §207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

29. Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one-half times their hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

30. Defendant willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

31. Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' regular rate for all time Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law-Overtime Wages

32. Plaintiffs re-allege and incorporate paragraphs 1 through 31 as if set forth herein.

33. Count arises from Defendant's violation of the IMWL, 820 ILCS 105/1 *et seq.*, for failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

34. During the course of Plaintiffs' employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the IMWL.

35. During the statutory period, Plaintiffs worked 55 or more hours per week.

36. Pursuant to 820 ILCS 105/4a(1) Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

37. Defendants did not compensate Plaintiffs at the rate of one and one half time their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

38. Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

39. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover treble the amount of unpaid overtime wages for three (3) years prior to the filing of this suit, plus damages in the amount of five percent (5%) per month of the amount of underpayment.

5

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A. A judgment in treble the amount of all back wages due as provided by the IMWL;

    B. Interest on the back wages in accordance with 815 ILCS 205/2, at 5% per month;

    C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

    D. Such further relief as this Court deems appropriate and just.

                      Respectfully submitted,

                      /s/    Baldemar Lopez
                     One of Plaintiffs' attorneys

Baldemar Lopez
Jorge Sanchez

Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784
blopez@lopezsanchezlaw.com

jsanchez@lopezsanchezlaw.com

Dated: June 17, 2020