**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Fernando Moreno, Adolfo Moreno, Sergio Salinas | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-03545 |
| v. | ) ) | |
| Best Firewood and Mulch, Inc. and Michelle M. Cicinelli | ) ) ) | |
| Defendants. | ) ) | |

**<u>JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL</u>**

Plaintiffs Fernando Moreno, Adolfo Moreno and Sergio Salinas, (collectively "Plaintiffs") and Defendants Best Firewood and Mulch, Inc. and Michelle M. Cicinelli (collectively "Defendants") (collectively the "Parties"), by their respective undersigned counsel to respectfully move this Court for approval of their settlement agreement and dismissal of this action. In support thereof, the parties state as follows:

1.      This action involves acclaim for unpaid wages under the Fair Labor Standards Act ("FLSA), 29 U.S.C. 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* (Dkt. No. 1).

2.      The Parties, through their attorneys, have exchanged multiple demands and offers based on their respective views on the strengths and weaknesses of this case, before ultimately reaching a settlement of all claims asserted in this matter.

3.      Courts in this circuit have held that a settlement under the FLSA must be approved by the Court or the Secretary of Labor. *Roberts v. Apple Sauce, Inc.*, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014); *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990, 994–95 (N.D. Ind. 2010); *Butler v. American Cable & Telegraph, LLC*, 2011 WL 4729780 at *9, n. 9 (N.D. Ill.

2011); see also *Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986) (although courts have refused to enforce "wholly private settlements," the FLSA does not require litigation of disputes that can be "compromised honestly."). Thus, the reviewing Court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Roberts*, 2014 WL 4804252, at *1. (quoting *Reyes v. Buddha–Bar NYC*, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

4.      The settlement proposed here reflects a reasonable compromise of disputed issues and should be approved.  First, extensive additional proceedings would be needed to bring this case to conclusion.  The Parties have not engaged in discovery to date beyond written discovery and would need to complete at least four depositions.  Further, Defendants believe they would file a dispositive motion at the close of discovery based on what they believe the record will show. Thus, both Parties expect the settlement to avoid further "protracted and expensive litigation." Second, as explained more fully below, the Parties agree that serious questions of law and fact exist – both as to liability and damages – such that the settlement here provides value to the Plaintiffs in terms of an immediate and guaranteed recovery, and certainty in resolving all claims to Defendants .

5.      The Parties consider the terms of this settlement to be fair and reasonable, given the factual and legal defenses Defendants have asserted to Plaintiffs' claims.  Plaintiffs assert claims for unpaid overtime violations resulting from alleged overtime work where they were not paid at a rate of one and one-half times their hourly rate of pay.  Defendants deny that Plaintiffs

worked any unpaid overtime. Thus, Defendants maintain that Plaintiffs cannot prove the essential elements of their claim, namely that they worked compensable, unpaid overtime and that their supervisor knew or should have known that Plaintiffs were performing uncompensated time.

6.     That said, the Parties consider the settlement to be fair and reasonable to both Plaintiff and Defendant given the uncertainties of litigation and overall scope of pending claims. The settlement payment Plaintiffs will receive in exchange for a full release of their claims represents at least 50% of their alleged unpaid time. The settlement also includes additional monies for attorneys' fees.

7.     The Parties hereby respectfully request this Court review and approve the settlement and, assuming the settlement is approved, dismiss this lawsuit without prejudice. The Parties agree that the dismissal without prejudice will convert to a dismissal with prejudice after 30 days unless one of the Parties moves to reinstate this matter. Pursuant to the Court's direction, the settlement agreement has been filed under seal as Exhibit A and the Parties request the settlement agreement remain confidential.

Dated: May 28, 2021                              Respectfully Submitted,


 /s/ *Jorge Sanchez* (with permission)           /s/  *Lindsey M. Hogan*_____
Attorneys for Plaintiffs                         Attorneys for Defendants

Jorge Sanchez                                    Lindsey M. Hogan
Baldemar Lopez                                   Taylor L. Haran
Lopez & Sanchez LLP                              Faegre Drinker Biddle Reath LLP
77 W. Washington St., Suite 1313                 311 S. Wacker Drive, Suite 4300
Chicago, Illinois 60602                          Chicago, Illinois 60606
Telephone: 312.420.6784                          Telephone:  312.212.6500
jsanchez@lopezsanchezlaw.com                     Lindsey.hogan@faegredrinker.com
blopez@lopezsanchezlaw.com                       Taylor.haran@faegredrinker.com

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 28, 2021, I electronically filed the foregoing JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL herein with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system, which sent notification of such filing to the registered CM/ECF participants.


/s/  *Taylor L. Haran*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHISN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Fernando Moreno, Adolfo Moreno, ) | |
| Sergio Salinas ) | Case No. 20-cv-3545 |
| ) | |
| Plaintiffs, ) | Hon. Matthew F. Kennelly |
| ) | |
| v. ) | |
| ) | |
| Best Firewood and Mulch, Inc. ) | |
| and Michelle M. Cicinelli ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter coming before the Court on the Parties' Joint Motion for Approval of Settlement (ECF No. 24), and the Court having reviewed said Motion, the Court finds that the Motion should be GRANTED and finds as follows:

      1.    The proposed settlement is fair and reasonable, and the Court approves the settlement.

      2.    The case is dismissed without prejudice, with leave to reinstate on or before July 2, 2021. On July 3, 2021, the dismissal will be converted to a dismissal with prejudice, without the need for a further order by the Court, unless a motion for reinstatement is filed before that date.

SIGNED on this _____ day of _____, 2021.

 

_____
The Honorable Matthew F. Kennelly
United States District Judge

# Exhibit A (Filed Under Seal)